FILED

NOT FOR PUBLICATION

AUG 24 2016

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS


FOR THE NINTH CIRCUIT

PATRICIA GARCIA,

        Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

        Defendant - Appellee.

No. 14-16435

D.C. No. 1:13-cv-01220-SAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Stanley Albert Boone, Magistrate Judge, Presiding

Submitted August 22, 2016[**]

Before:    THOMAS, Chief Judge, D.W. NELSON, and LEAVY, Circuit Judges.

Patricia Garcia appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Garcia's applications for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Social Security Act. Garcia contends that the administrative law judge ("ALJ") erred in giving little weight to the medical opinion of examining physician Dr. Montgomery. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 20120, and we affirm.

The ALJ provided specific and legitimate reasons for giving very little weight to Dr. Montgomery's contradicted opinion that Garcia could not use her upper left extremity. First, the ALJ reasonably found that Dr. Montgomery's opinion was unsupported by his clinical findings showing that Garcia had some reduced range of motion, but not a complete inability to use her left arm in a work environment. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (noting that when an ALJ is evaluating conflicting medical opinions, the ALJ need not accept a medical opinion that is inadequately supported by clinical findings). Second, the ALJ properly gave little weight to Dr. Montgomery's opinion because his opinion appeared to rely upon Garcia's subjective complaints, which the ALJ found were not credible, and Garcia does not challenge this finding on appeal. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that an ALJ may reject a medical opinion relying upon a claimant's self-reporting that was properly discounted as not credible).

Garcia's remaining contentions concerning the ALJ's rejection of Dr. Montgomery's opinion lack merit.

Accordingly, substantial evidence supports the ALJ's determination that Garcia was not disabled within the meaning of the Social Security Act.

**AFFIRMED**.



**Patricia Garcia v Colvin   14-16435**

Nelson, Senior Circuit Judge, dissenting:

The majority concludes that the ALJ provided specific and legitimate reasons for giving very little weight to Dr. Montgomery's opinions.  I respectfully disagree.

First, the ALJ did not reasonably conclude that Dr. Montgomery's opinions conflicted with his own examination of Garcia.  Instead, the ALJ cherry picked the negative diagnostic tests from Dr. Montgomery's report while ignoring other critical aspects.  While the diagnostic tests reflect that Garcia may have reasonable use her upper arm and shoulder, which is apparently all the ALJ considered, other tests demonstrate that the opposite is true of her hand.  Specifically, Dr. Montgomery's tests reflect substantial weakness in Garcia's grip, limited range of motion in her wrist, and extreme stiffness in Garcia's fingers.  Each time Dr. Montgomery evaluated Garcia, he found significantly below normal range of motion in all of the fingers on Garcia's left hand.  The ALJ's determination that Dr. Montgomery's examination findings did not support his conclusion that Garcia could not use her left arm in a work environment was therefore not legitimate.

Second, the ALJ did not reasonably conclude that Dr. Montgomery's opinions were based "to a large extent" on Garcia's subjective complaints, which the ALJ found were not credible.  It is true that Garcia reported her alleged medical

history to Dr. Montgomery when he first evaluated her in 2005. It is also the case that Dr. Montgomery included information in his February 5, 2010 report that he may have learned from Garcia. But the fact that Dr. Montgomery interviewed Garcia about her medical history and included limitations that he may have learned from her in his 2010 report does not mean that his medical opinion was based "to a large extent" on Garcia's subjective complaints.

Our cases upholding an ALJ's discounting of a physician's opinion as improperly based on a claimant's self-reports have always required more than appears in the record before us here. For example, in *Tommasetti v. Astrue*, we affirmed a denial of benefits after specifically emphasizing the ALJ's determination that the medical opinion at issue "was essentially a 'rehashing of claimant's own statement.'" 533 F.3d 1035, 1041 (9th Cir. 2008). Likewise, in *Fair v. Bowen*, we affirmed an ALJ's discounting of a physician's opinion where the physician specifically admitted that his "assessment . . . was premised to a large extent upon the claimant's own accounts of his symptoms and limitations." 885 F.2d 597, 605 (9th Cir. 1989) (internal quotation marks omitted).

Here, there is nothing in the record reflecting that Dr. Montgomery's opinion was based "to a large extent" on Garcia's subjective complaints. Instead, Dr. Montgomery conducted extensive medical testing, that when considered as a

2

whole, supports his conclusion that Garcia could not use her left hand. Dr. Montgomery's detailed reports are far from a "rehashing" of Garcia's complaints and nowhere does Dr. Montgomery admit that his conclusions were contingent upon accepting Garcia's complaints as fact. The ALJ's determination that Dr. Montgomery's opinion appeared to be based on Garcia's subjective complaint is speculation.

Accordingly, in my view, the ALJ did not provide specific and legitimate reasons for discounting Dr. Montgomery's opinions. I dissent.